S10A1571. HIGGENBOTTOM v. THE STATE.
(704 SE2d 786)

THOMPSON, Justice.
Appellant Dale Higgenbottom appeals from a trial court order denying a motion to dismiss his indictment for violation of his

---

constitutional right to speedy trial under the United States and Georgia Constitutions. Because we find the trial court's order is insufficient to allow us to determine whether the trial court abused its discretion, we vacate the judgment and remand for entry of an order including proper findings in accordance with *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

Higgenbottom was arrested in August 2007 based on an arrest warrant charging him with malice murder, felony murder, cruelty to children in the first degree, and aggravated battery in connection with the 1992 death of an infant. An indictment was returned in April 2009, and trial was scheduled to begin on September 21, 2009. On September 9, 2009, however, defense counsel requested and was granted a continuance. On February 17, 2010, Higgenbottom then filed a motion to dismiss for failure to provide a speedy trial. Following a hearing, the trial court denied his motion in a four sentence order.

Constitutional speedy trial claims brought under the Sixth Amendment and the Georgia Constitution are evaluated according to the four-part test established in *Barker*, supra. The *Barker* test requires the court to consider:

> (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right [to speedy trial], and (4) the prejudice to the defendant. The fourth factor requires the court to consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired.

(Citations omitted.) *Johnson v. State*, 268 Ga. 416, 417 (490 SE2d 91) (1997). None of the factors are

> either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.

*Barker*, supra at 533.

On appeal, we review the denial of a defendant's constitutional speedy trial claim for an abuse of discretion. *Brown v. State*, 264 Ga. 803 (2) (450 SE2d 821) (1994). It is imperative, therefore, that in cases implicating a defendant's constitutional right to speedy trial, the trial court enter findings of fact and conclusions of law consistent

with *Barker*. Absent such findings, there is no exercise of discretion for this Court to review. See *Phan v. State*, 287 Ga. 697, 700, n. 1 (699 SE2d 9) (2010); *Bryant v. State*, 265 Ga. App. 234, 235 (593 SE2d 705) (2004). The trial court in this case made no findings as to the majority of the *Barker* factors, finding with regard to Higgenbottom's Sixth Amendment claim only that Higgenbottom failed to show that "the delay between the defendant's arrest and the filing of motion to dismiss for failure to provide a speedy trial was prejudicial." While a trial court's findings as to the presence or absence of prejudice are important, they cannot alone establish a defendant's Sixth Amendment speedy trial claim without consideration of the other *Barker* criteria. *Barker*, supra at 533. Accordingly, we find the limited findings made by the trial court insufficient to provide for proper appellate review. The trial court's order is vacated and the case remanded for the entry of a proper order pursuant to *Barker*.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JANUARY 10, 2011.

*David J. Dunn, Jr., Steven A. Miller*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.