## A11A0215. GODDARD v. THE STATE.
(712 SE2d 528)

SMITH, Presiding Judge.

Allen Goddard appeals from the trial court's denial of his plea in bar on statutory and constitutional speedy trial grounds. Because the trial court erred in part by denying Goddard's plea in bar on statutory grounds and failed to make the requisite findings pursuant to *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), on the constitutional grounds, we affirm in part, reverse in part, vacate the judgment in part, and remand this case for the trial court to make the appropriate findings.

The record reveals that Goddard was arrested for snatching a cash box from an employee of a tanning business, and subsequently indicted for robbery in Newton County on February 19, 1993. On April 12, 1993, the State received a letter from Goddard to the "Newton County Court" stating that he was incarcerated in Fulton

---

County under an alias and that he thought it would be best to "let Newton County know where I'm at before my court date comes up." On December 28, 1993, Goddard was charged by accusation with reckless driving and fleeing and attempting to elude in connection with the robbery. Less than a month later, on January 20, 1994, Goddard filed a demand for speedy trial pursuant to OCGA § 17-7-170 seeking an acquittal on all three charges filed in Newton County.

Goddard was released from jail in Fulton County on an unrelated offense on February 1, 1994. On February 11, 1994, the clerk of court mailed Goddard's notice of trial on the Newton County charges to the wrong address, and when his case was called for trial on February 28, 1994, Goddard failed to appear. The trial court issued a bench warrant for his arrest, but the case was subsequently dead-docketed. Goddard claims, and the State does not dispute, that from March 14, 1994 until he was finally arrested and transported to Newton County on March 25, 2010, Goddard was in and out of jail in at least two other counties.

Goddard filed a plea in bar on both constitutional and statutory speedy trial grounds on May 19, 2010. The trial court summarily denied Goddard's plea in bar on both grounds.

1. *Plea in bar on statutory speedy trial grounds.* Goddard was charged by accusation with reckless driving and fleeing and attempting to elude on December 28, 1993, during the October term of court.[1] On January 20, 1994, during the January term of court, he filed his demand for trial pursuant to OCGA § 17-7-170. His demand was therefore timely as it was filed in the term following the term in which he was indicted. See OCGA § 17-7-170 (a) (defendant may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter).

> If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

OCGA § 17-7-170 (b). The State was therefore required to try

---

[1] The terms of the Superior Court of Newton County commence on the second and third Mondays in January, April, July, and October. OCGA § 15-6-3 (2) (A).

Goddard, at the latest, by the end of the April 1994 term of court. But

> [i]f the failure to try the defendant results from a voluntary act of the defendant or the defense counsel which results in a continuance of the case to a time outside the period of the demand, however, discharge and acquittal are not required. In such cases, the defendant will be found to have waived his demand for a speedy trial. The burden of showing such waiver is on the State.

(Citations omitted.) *Sykes v. State*, 236 Ga. App. 518, 520 (2) (511 SE2d 566) (1999). The State presented evidence that Goddard failed to appear on January 28, 1994, the date set for trial. But Goddard presented evidence that the notice of trial was sent to the wrong address. Under these circumstances, we cannot say that the State met its burden of showing that Goddard waived his statutory right to a speedy trial by a voluntary act. See, e.g., *State v. Bell*, 274 Ga. 719, 720 (2) (559 SE2d 477) (2002); *Gifford v. State*, 301 Ga. App. 50, 51 (686 SE2d 831) (2009).

As Goddard did not waive his statutory right to a speedy trial on the accusations charging him with fleeing and attempting to elude and reckless driving, and the State failed to try him during the term in which the demand was filed or the next succeeding regular term of court, Goddard is entitled to an acquittal on those charges. See *Bond v. State*, 212 Ga. App. 608, 609-610 (442 SE2d 482) (1994).

Goddard's statutory demand for speedy trial was ineffective, however, with regard to his robbery charge. The demand, filed in January 1994, was filed four terms after he was indicted for robbery in February 1993. Goddard therefore waived his statutory speedy trial demand to the robbery indictment. See OCGA § 17-7-170; *Parks v. State*, 239 Ga. App. 333, 334-335 (521 SE2d 370) (1999). The trial court therefore did not err in denying Goddard's plea in bar on statutory speedy trial grounds with regard to the robbery charge.

2. *Plea in bar on constitutional speedy trial grounds.*

> When presented with a motion and evidence on the issue of whether a defendant's constitutional right to a speedy trial has been denied, the trial court must balance [the] four [*Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972)] factors: (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) prejudice to the defendant. These factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.

(Citation, punctuation and footnotes omitted.) *Bryant v. State*, 265

Ga. App. 234, 235 (593 SE2d 705) (2004). We review the trial court's denial of a plea in bar on speedy trial grounds for an abuse of discretion. *Lynch v. State*, 300 Ga. App. 723, 724 (1) (686 SE2d 268) (2009).

Here, the trial court denied Goddard's plea in bar in a three-sentence order which states in part: "Based on the reasons placed on the record at the hearing, this court hereby DENIES defendant's above captioned motions." The hearing transcript reveals that although the court asked trial counsel questions concerning the *Barker* factors, it made no findings of fact with regard to those factors, making findings only with regard to the statutory speedy trial grounds.

> In other circumstances, a summary order entered by a trial court generally is sufficient to enable the appellate court to determine whether the broad discretion vested in the trial court has been abused. However, in a case implicating the defendant's right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and applicable to the states by the Due Process Clause of the Fourteenth Amendment, it is essential for the trial court to enter findings of fact and conclusions of law consistent with the *Barker v. Wingo* factors outlined herein.

(Citations, punctuation and footnote omitted.) *Bryant*, supra, 265 Ga. App. at 236.

We therefore vacate the trial court's order as it concerns Goddard's plea in bar on constitutional speedy trial grounds and remand this case for the entry of a proper order pursuant to *Barker*. See id.; see also *Higgenbottom v. State*, 288 Ga. 429, 431 (704 SE2d 786) (2011).

*Judgment affirmed in part, reversed in part, and vacated in part, and case remanded. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 15, 2011.

*Anthony S. Carter*, for appellant.
*W. Kendall Wynne, Jr.*, District Attorney, *Clint C. Malcolm*, Assistant District Attorney, for appellee.