## A11A0981. JACKSON v. THE STATE.
(715 SE2d 761)

PHIPPS, Presiding Judge.

Kendrick Jackson appeals from a trial court order denying a motion to dismiss his indictment for an alleged violation of his constitutional right to speedy trial under the United States and Georgia Constitutions. Because we find the trial court's order insufficient to allow us to determine whether the trial court abused its discretion, we vacate the judgment and remand the case for entry of an order including proper findings in accordance with *Barker v. Wingo.*[1]

Constitutional speedy trial claims brought, as here, under the Sixth Amendment and the Georgia Constitution are evaluated according to the four-part test established in *Barker.*[2] The *Barker* test requires the court to consider:

> (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right [to speedy trial], and (4) the prejudice to the defendant. The fourth factor requires the court to consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired.[3]

---

[5] *Tensar Earth Technologies v. City of Atlanta,* 267 Ga. App. 45, 48 (1) (598 SE2d 815) (2004).

[1] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[2] See *Higgenbottom v. State,* 288 Ga. 429, 430 (704 SE2d 786) (2011).

[3] Id. (citation omitted).

No one *Barker* factor is

> either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.[4]

"[I]t is not the job of the appellate court . . . to weigh the *Barker* factors in the first instance."[5] Rather,

> [o]n appeal, we review the denial of a defendant's constitutional speedy trial claim for an abuse of discretion. It is imperative, therefore, that in cases implicating a defendant's constitutional right to speedy trial, the trial court enter findings of fact and conclusions of law consistent with *Barker*. Absent such findings, there is no exercise of discretion for this [c]ourt to review.[6]

In its order, the trial court found that Jackson had shown no prejudice, but entered no findings as to the majority of the *Barker* factors.

> While a trial court's finding[ ] as to the presence or absence of prejudice [is] important, [it] cannot alone establish a defendant's Sixth Amendment speedy trial claim without consideration of the other *Barker* criteria. Accordingly, we find the limited findings made by the trial court insufficient to provide for proper appellate review. The trial court's order is vacated and the case remanded for the entry of a proper order pursuant to *Barker*.[7]

*Judgment vacated and case remanded with direction. Andrews and McFadden, JJ., concur.*

DECIDED AUGUST 2, 2011.

*William M. Olson*, for appellant.

---

[4] *Barker*, supra at 533 (IV); see *Higgenbottom*, supra.
[5] *State v. Pickett*, 288 Ga. 674, 679-680 (2) (d) (706 SE2d 561) (2011).
[6] *Higgenbottom*, supra at 430-431.
[7] See id. at 431; see also *Pickett*, supra.

*Robert W. Lavender, District Attorney*, for appellee.