A11A1087. RICHARDSON v. THE STATE.
(715 SE2d 774)

PHIPPS, Presiding Judge.

Steve Richardson appeals from a trial court order denying his motion for discharge and acquittal for an alleged violation of his constitutional right to a speedy trial. Because we find the trial court's order is insufficient to allow us to determine whether the trial court abused its discretion, we vacate the judgment and remand the case for entry of an order expressly including proper findings in accordance with *Barker v. Wingo*.[1]

> In *Barker v. Wingo*, the United States Supreme Court set out a balancing test, in which the conduct of both the prosecution and the defense are weighed, to determine whether a defendant's constitutional right to speedy trial

---

[1] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

has been violated. Some of the factors to be considered include: the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant. None of the factors is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial; rather, they are related factors that must be considered together with other relevant circumstances. In a case implicating a defendant's constitutional right to a speedy trial, it is imperative for the trial court to enter findings of fact and conclusions of law consistent with *Barker v. Wingo*.[2]

"[T]he trial court's order must provide sufficient findings of fact and conclusions of law to permit [the appellate court] to determine if the trial court properly exercised its discretions under the *Barker* analysis."[3]

Here, the trial court denied Richardson's motion in an order that did not include any findings of fact or conclusions of law. Because the court failed to enter an order including findings and conclusions, the order is vacated and the case is remanded for the entry of an order consistent with *Barker*.[4]

Notably, the fact that the trial court in this case discussed at the motion hearing the *Barker* factors does not make the denial of the motion reviewable. The trial court did not incorporate in its order a transcript containing its verbal findings of fact and conclusions of law,[5] and moreover did not make at the hearing verbal findings of fact and conclusions of law as to all four *Barker* factors. Absent the required findings of fact and conclusions of law, there is no exercise of discretion for this court to review.[6]

*Judgment vacated and case remanded with direction. Andrews and McFadden, JJ., concur.*

DECIDED AUGUST 5, 2011.

*Alixe E. Steinmetz*, for appellant.

---

[2] *Moore v. State*, 309 Ga. App. 519 (710 SE2d 692) (2011) (footnote omitted); see *Higgenbottom v. State*, 288 Ga. 429, 430 (704 SE2d 786) (2011).

[3] *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011) (citation omitted).

[4] See *Moore*, supra; *Goddard v. State*, 310 Ga. App. 2, 4 (2) (712 SE2d 528) (2011).

[5] See *Butler v. State*, 309 Ga. App. 86, 92 (2) (d), n. 29 (709 SE2d 293) (2011) (denial of motion was reviewable where order incorporated transcript of the trial court's verbal rulings and thus provided sufficient findings of fact and conclusions of law to permit appellate court to determine if trial court had properly exercised its discretion under *Barker*).

[6] See *Higgenbottom*, supra at 430-431.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellee.