**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

October 25, 2013

# In the Court of Appeals of Georgia

A13A2238. CAWLEY v. THE STATE.

BARNES, Presiding Judge.

Patrick Cawley appeals from the trial court's order denying his motion to dismiss the criminal charges against him on the ground that his constitutional right to a speedy trial was violated. Because the trial court's order is insufficient to allow us to determine whether the court abused its discretion in denying Cawley's motion, we vacate the judgment and remand for entry of an order expressly including proper findings of fact and conclusions of law in accordance with *Barker v. Wingo*, 407 U.S. 514 (92 SCt 2182, 33 LE2d 101) (1972).

The record reflects that on February 19, 2009, Cawley was arrested for DUI and speeding. On, April 22, 2009, Cawley was arraigned, pled not guilty, and requested a jury trial. The case was placed on the June 20, 2011 trial calendar, but the State requested – and received – a continuance because the arresting officer was not available. The case was next placed on the September 12, 2011 trial calendar, but

Cawley failed to appear. A special bench warrant was issued, and Cawley was instructed to appear in court on September 21, 2011, which he did. That same day, the trial court ordered Cawley's case to be placed on a trial calendar for January 2013. Nevertheless, the case was not called for trial at that time.

On March 1, 2013, Cawley moved to dismiss the charges against him on the ground that his constitutional right to a speedy trial had been violated. Following a hearing, the trial court entered a written order summarily denying the motion on May 10, 2013. However, the trial court certified its order for immediate review, and we granted Cawley's application for interlocutory appeal. This appeal followed in which Cawley challenges the denial of his motion to dismiss on constitutional speedy trial grounds.

A speedy trial is guaranteed to a criminal defendant by the Sixth Amendment to the United States Constitution and the Georgia Constitution. See U. S. Const., Amend. VI; Ga. Const., Art. I, Sec. I, Para. XI (a). The framework for determinating constitutional speedy trial claims requires the trial court to apply the two-tier analysis enunciated in *Barker v. Wingo*, 407 U.S. 514, 522-523 (II) (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U.S. 647, 651 (112 SC 2686, 120

LE2d 520) (1992). See *State v. Porter*, 288 Ga. 524, 525-526 (2) (a) (705 SE2d 636) (2011); *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008).

> Under the first tier, the court considers whether the delay is long enough to be presumptively prejudicial, and if so, then it considers under the second tier whether the delay constituted a speedy trial violation. In determining whether the delay violated the defendant's speedy trial right, the court considers [four *Barker* factors:] (1) whether the delay is uncommonly long; (2) the reasons and responsibilities for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant.

(Citations and punctuation omitted.) *Watkins v. State*, 315 Ga. App. 708, 708-709 (1) (727 SE2d 539) (2012). "Of these factors, no one is dispositive. Instead, a court must weigh all four factors, along with any other relevant circumstances, in a difficult and sensitive balancing process." (Citations and punctuation omitted.) *State v. Buckner*, 292 Ga. 390, 393 (3) (738 SE2d 65) (2013). See *Higgenbottom v. State*, 288 Ga. 429, 430 (704 SE2d 786) (2011).

The weighing of the *Barker* factors "is committed to the substantial discretion of the trial court, and its ultimate judgment is reviewed on appeal only for an abuse of discretion." (Citation and punctuation omitted.) *Buckner*, 292 Ga. at 393 (3). "It is imperative, therefore, that in cases implicating a defendant's constitutional right to

speedy trial, the trial court enter findings of fact and conclusions of law consistent with *Barker*. Absent such findings, there is no exercise of discretion for this Court to review." *Higgenbottom*, 288 Ga. at 430-431. Accordingly, we have vacated and remanded cases where the trial court failed to enter written findings of fact and conclusions of law in accordance with *Barker*. See, e.g., *Richardson v. State*, 311 Ga. App. 369 (715 SE2d 774) (2011); *Jackson v. State*, 311 Ga. App. 342 (715 SE2d 761) (2011); *Goddard v. State*, 310 Ga. App. 2, 4-5 (2) (712 SE2d 528) (2011); *Moore v. State*, 309 Ga. App. 519, 520 (710 SE2d 692) (2011). See also *Higgenbottom*, 288 Ga. at 431.

Here, the trial court's summary order contains no findings of fact or conclusions of law. "Because the trial court failed to enter such findings and conclusions, the order is vacated and the case is remanded for the entry of a proper order." *Moore*, 309 Ga. App. at 520. Furthermore, "we note that the speedy trial clock is still ticking, and the trial court's analysis on remand should take into account that the length of the pretrial delay continues to run until entry of a . . . written order applying the *Barker-Doggett* framework." (Citations and punctuation omitted.) *Richardson v. State*, 318 Ga. App. 155, 164 (2) (e) (733 SE2d 444) (2012).

*Judgment vacated and remanded with direction. Miller and Ray, JJ., concur.*

4