**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 14, 2018**

# In the Court of Appeals of Georgia

A18A0098. DURHAM v. THE STATE.

PHIPPS, Senior Appellate Court Judge.

On appeal from his convictions for rape and child molestation, Gary Durham argues that the trial court erred in denying his plea in bar asserting a violation of his constitutional speedy-trial right and in failing to grant his motion for mistrial. Durham also argues that the evidence was insufficient. Because the record shows that the trial court never entered a written order including findings of fact and conclusions of law as to Durham's claimed speedy-trial violation, we vacate Durham's conviction and remand for entry of an order including proper findings in accordance with *Higgenbottom v. State*, 288 Ga. 429 (704 SE2d 786) (2011), and *Barker v. Wingo*, 407 U.S. 514 (92 SCt 2182, 33 LE2d 101) (1972).

Constitutional speedy trial claims brought under the Sixth Amendment and the Georgia Constitution are evaluated according to the four-part test established in Barker, supra. The Barker test requires the court to consider: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right [to speedy trial], and (4) the prejudice to the defendant. The fourth factor requires the court to consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired.

*Higgenbottom*, supra at 430 (citation and punctuation omitted).

None of the factors are "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process."

Id., quoting *Barker*, supra at 533.

The relevant portions of the record show that on December 9, 2009, Durham was arrested on warrants charging him with rape and child molestation alleged to have occurred between September 2004 and June 2007. In April 2012, after an investigation, Durham was indicted for rape, solicitation of sodomy of a child, and child molestation of two different victims between September 2004 and June 2007.

2

At a pretrial hearing held on January 28, 2016, the trial court inquired why the State had taken over six years to get the case to trial and directed Durham to file a motion asserting that his constitutional right to a speedy trial had been violated. On the same day, Durham filed a plea in bar asserting a violation of his constitutional speedy-trial right.

On the morning of trial, the trial court made oral findings including that the six-year delay between arrest and trial was presumptively prejudicial, that the delay was the result of the State's ordinary negligence, that Durham had failed to assert his right in a timely way, and that Durham had not been unduly prejudiced by the delay. The trial court therefore denied the plea in bar, but did not file a written order containing its findings of fact and conclusions of law. After a jury found Durham guilty of rape and child molestation, he was convicted and sentenced to life in prison. Durham's motion for new trial was denied.[1]

1. This record shows that this trial court never entered an order containing findings of fact and conclusions of law required by *Barker* and *Higgenbottom*. "Absent such findings, there is no exercise of discretion for this Court to review."

---

[1] The trial court's order denying the motion for new trial did not address the propriety of Durham's constitutional speedy-trial plea in bar.

*Higgenbottom*, 288 Ga. at 431 (citation omitted). Although this Court once suggested that oral findings on the record could be enough to satisfy *Barker*, see *Butler v. State*, 309 Ga. App. 86, 87-88 (709 SE2d 293) (2011) ("*Butler I*"), our Supreme Court later vacated that opinion and required us to remand the case to the trial court "for entry of a proper order" pursuant to *Barker* and *Higgenbottom*. See *Butler v. State*, 312 Ga. App. 513, 513 (718 SE2d 869) (2011) ("*Butler II*"). We therefore vacate this trial court's judgment and remand this case with direction that it enter a proper order, including findings of fact and conclusions of law, as to the merits of Durham's constitutional speedy-trial plea in bar. *Richardson v. State*, 311 Ga. App. 369, 370 (715 SE2d 774) (2011) (vacating and remanding for entry of a proper order under *Barker*); *Butler II*, 312 Ga. App. at 513 (same); *Higgenbottom*, 288 Ga. at 431 (same).

2. In light of the remand ordered in Division 1, we need not address Durham's remaining enumerations of error, which await the completion of the record below and any subsequent appeal. See OCGA §§ 5-6-34 (a) (granting a right of appeal from [a]ll final judgments"), 5-6-38 (a) ("[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of").

*Judgment vacated and case remanded with direction. Ellington, P. J., and Bethel, J., concur.*