the court to consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired.
Higgenbottom , supra at 430, 704 S.E.2d 786 (citation and punctuation omitted).
None of the factors are "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities;
*815 courts must still engage in a difficult and sensitive balancing process."
Id., quoting Barker , supra at 533, 92 S.Ct. 2182.
The relevant portions of the record show that on December 9, 2009, Durham was arrested on warrants charging him with rape and child molestation alleged to have occurred between September 2004 and June 2007. In April 2012, after an investigation, Durham was indicted for rape, solicitation of sodomy of a child, and child molestation of two different victims between September 2004 and June 2007. At a pretrial hearing held on January 28, 2016, the trial court inquired why the State had taken over six years to get the case to trial and directed Durham to file a motion asserting that his constitutional right to a speedy trial had been violated. On the same day, Durham filed a plea in bar asserting a violation of his constitutional speedy-trial right.
On the morning of trial, the trial court made oral findings including that the six-year delay between arrest and trial was presumptively prejudicial, that the delay was the result of the State's ordinary negligence, that Durham had failed to assert his right in a timely way, and that Durham had not been unduly prejudiced by the delay. The trial court therefore denied the plea in bar, but did not file a written order containing its findings of fact and conclusions of law. After a jury found Durham guilty of rape and child molestation, he was convicted and sentenced to life in prison. Durham's motion for new trial was denied.[1]
1. This record shows that this trial court never entered an order containing findings of fact and conclusions of law required by Barkerand Higgenbottom . "Absent such findings, there is no exercise of discretion for this Court to review." Higgenbottom , 288 Ga. at 431, 704 S.E.2d 786 (citation omitted). Although this Court once suggested that oral findings on the record could be enough to satisfy Barker , see Butler v. State , 309 Ga. App. 86, 87-88, 709 S.E.2d 293 (2011) (" Butler I "), our Supreme Court later vacated that opinion and required us to remand the case to the trial court "for entry of a proper order" pursuant to Barker and Higgenbottom . See Butler v. State , 312 Ga. App. 513, 513, 718 S.E.2d 869 (2011) (" Butler II "). We therefore vacate this trial court's judgment and remand this case with direction that it enter a proper order, including findings of fact and conclusions of law, as to the merits of Durham's constitutional speedy-trial plea in bar. Richardson v. State , 311 Ga. App. 369, 370, 715 S.E.2d 774 (2011) (vacating and remanding for entry of a proper order under Barker ); Butler II , 312 Ga. App. at 513, 718 S.E.2d 869 (same); Higgenbottom , 288 Ga. at 431, 704 S.E.2d 786 (same).
2. In light of the remand ordered in Division 1, we need not address Durham's remaining enumerations of error, which await the completion of the record below and any subsequent appeal. See OCGA §§ 5-6-34 (a) ("granting a right of appeal from [a]ll final judgments"), 5-6-38 (a) ("[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of").
Judgment vacated and case remanded with direction .
Ellington, P.J., and Bethel, J., concur

The trial court's order denying the motion for new trial did not address the propriety of Durham's constitutional speedy-trial plea in bar.