**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 24, 2019**

# In the Court of Appeals of Georgia

A19A0673. DURHAM v. THE STATE.

BROWN, Judge.

Following the remand of this case to the trial court in *Durham v. State*, 345 Ga. App. 687 (814 SE2d 813) (2018), the trial court entered a written order denying Gary Durham's plea in bar asserting a violation of his right to a speedy trial. As allowed by our remand instructions, Durham appeals from this order, contending that the trial court (1) improperly weighed the four factors outlined in *Barker v. Wingo*, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972), and (2) improperly commented upon the evidence. For the reasons explained below, we vacate the trial court's order denying Durham's plea in bar and remand with instruction.

1. Durham asserts that the trial court improperly weighed the four factors utilized in the *Barker v. Wingo* test and that a proper application of the balancing test

mandates the grant of his plea in bar. Both the Sixth Amendment to the United States Constitution, as well as the Georgia Constitution, provide criminal defendants with a right to a speedy trial. *Smith v. State*, 338 Ga. App. 62, 68 (1) (789 SE2d 291) (2016). When analyzing these claims, we "first determine whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered presumptively prejudicial." (Citation and punctuation omitted.) Id. In this case, the delay from the date of arrest until Durham's trial was over six years, and the trial court properly concluded that it was presumptively prejudicial.

In cases where the delay is presumptively prejudicial, the trial court is required to conduct a balancing test of the following four factors:

> (1) the length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right to speedy trial; and (4) the prejudice to the defendant. Standing alone, none of these factors are a necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test.

(Citation and punctuation omitted.) *Smith*, 338 Ga. App. at 68 (1). "[T]hese four factors have no talismanic qualities and must be considered together with such other circumstances as may be relevant in light of the animating principles of the speedy

2

trial guarantee." (Citation and punctuation omitted.) *Ellis v. State*, 343 Ga. App. 391, 394 (2) (806 SE2d 839) (2017).

> In Georgia, the application of these principles to the circumstances of a particular case is a task committed principally to the discretion of the trial courts, and it is settled law that our role as a court of review is a limited one. Therefore, we must accept the factual findings of the trial court unless they are clearly erroneous, and we must accept the ultimate conclusion of the trial court unless it amounts to an abuse of discretion, even though we might have reached a different conclusion were the issue committed to our discretion.

(Citation and punctuation omitted.) *Smith*, 338 Ga. App. at 68-69 (1).

(a) *Length of Delay*. In its order, the trial court recognized "that some delay is not uncommon in a case such as this," but nonetheless weighed the six-year delay against the State. It failed, however, to assign a weight for the delay or decide whether the particular delay in this case was "uncommonly long," even though the State conceded in its brief that the delay between Durham's arrest and indictment was uncommonly long. See *Taylor v. State*, 338 Ga. App. 804, 807 (1) (a) (792 SE2d 101) (2016) (noting prior appeal remanded for trial court to assess whether delay was uncommonly long and the weight of this factor).

(b) *Reasons and Responsibility for the Delay.* With regard to this factor, the trial court stated as follows:

> The second *Barker* factor is the reason for the delay and is only slightly weighed against the State. The Court finds, as the State conceded, that much of the reason for the delay is due to the negligence on its part in bringing the case to trial. Further, staffing turnover within the District Attorney's Office and overcrowded dockets, as described in the State's brief, also contributed to the delay. However, there is no evidence of any deliberate attempt to delay the trial of the Defendant. Therefore, this factor is only weighed benignly against the State.

We find no abuse of discretion in the trial court's findings with regard to this factor.

(c) *Defendant's Assertion of his Speedy Trial Right.* The trial court weighed this factor "heavily against the Defendant" based upon his failure to assert this right for over six years and the fact that he only did so after the speedy trial issue was brought up by the trial court. The trial court failed, however, to consider whether Durham's delayed assertion of his right should be mitigated by announcements he was ready for trial. See *Smith*, 338 Ga. App. at 71 (1) (c). The record shows that Durham was arrested in December 2009, that he was indicted in April 2012, and that he was tried in February 2016. According to Durham, he announced ready for trial on each of the following dates his case was scheduled to be heard: December 12, 2012,

4

February 11, 2013, May 19, 2014, November 17, 2014, January 12, 2015, and February 9, 2015. "[W]hether the circumstances of a particular case warrant any mitigation is a question committed to the sound discretion of the trial court." (Citation omitted.) Id. at 71 (1) (c). Accordingly, we should not address this issue for the first time on appeal. See id.

(d) *Prejudice to the Defendant.* With regard to prejudice, the trial court weighed this factor heavily against Durham based upon his failure to present any evidence showing actual prejudice to his defense, his release from custody on December 23, 2009, and nothing in the record showing any unusual anxiety. It failed, however, to take into account the presumption of prejudice when it weighed this factor.

> A defendant need not show demonstrable prejudice to prevail on a speedy trial claim. Because of the difficulty of proving specific prejudice due to the passage of time, the United States Supreme Court has explained [that] excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay.

5

(Citation omitted.) *Smith*, 338 Ga. App. at 72 (1) (d). Accordingly, the trial court abused its discretion by failing to take into account presumed prejudice from the six-year delay in this case. Id. at 72 (1) (d) (i), 76 (e).

(e) *Balancing of Factors*. The Supreme Court of Georgia has made it clear in recent years "that it is not the job of an appellate court to weigh the *Barker* factors in the first instance, and so, when a trial court has abused its discretion in its consideration of these factors, we generally remand the case for the trial court to exercise its discretion again." *Smith*, 338 Ga. App. 74-75 (1) (e). In this case, the trial court failed to assign a weight for the delay, decide whether the particular delay in this case was "uncommonly long," consider mitigating factors with regard to the defendant's assertion of his right to a speedy trial, and take into account the presumed prejudice from the six-year delay. As we cannot say that this is a case in which "reasonable minds could not disagree about whether the right to a speedy trial has been denied," we must remand it to the trial court "to correctly apply the pertinent legal principles and to consider again whether [Durham] was denied his right to a speedy trial." (Footnote omited.) *State v. Johnson*, 291 Ga. 863, 868 (3) (734 SE2d 12) (2012).

6

2. "Because we are vacating the trial court's order and remanding the case for further consideration, we will not consider [Durham's remaining enumeration of error] at this time." *Priest v. State*, 335 Ga. App. 754, 759 (2) (782 SE2d 835) (2016).

*Judgment vacated and case remanded with direction. Barnes, P. J., and Mercier, J., concur.*