## A03A0307. RICHARDSON v. THE STATE.
### (581 SE2d 694)

BARNES, Judge.

Bradford Richardson was indicted on two counts of aggravated battery and one count of aggravated assault. Following a jury trial and the subsequent denial of his motion for new trial, Richardson appeals his conviction of aggravated assault, asserting that the evidence was insufficient to support the verdict because (1) the evidence failed to show that the passenger was in reasonable apprehension of receiving a violent injury, and (2) the evidence does not establish that he attempted to commit a violent injury upon the passenger. We find no error and affirm.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the verdict and no longer presume that the appellant is innocent; moreover, we do not weigh the evidence or determine witness credibility, but only determine whether there is sufficient evidence from which the jury could have found guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hodges v. State*, 248 Ga. App. 23 (1) (545 SE2d 157) (2001).

So construed, the evidence demonstrates that shortly before 3:00 a.m., Richardson, a City of Griffin police officer, stopped two men to question them about what appeared to be a girl's bicycle one of the men was pushing. While Richardson was questioning the men, a backup officer arrived on the scene. Before letting the men go, Richardson knelt to write down the bicycle's serial number. Richardson's patrol car was parked in the southbound lane of the road with its headlights on but without the blue lights activated, and he was kneeling near the vehicle's left rear bumper. The other officer stood behind Richardson with a flashlight to help Richardson see the serial numbers on the bicycle. He testified that "for some reason I happened to look up, I don't know why, but I looked up and saw a vehicle approaching." The car was traveling north and the officer said that he thought the car was going to hit him, so he moved behind Richardson's patrol car and when he turned around he saw the car hit Richardson. The officer testified that he saw the white convertible's "driver's side corner strike [Richardson] pretty much in the face and front, the chest area" and knock him to the ground behind his patrol car.

The driver of the car stopped his vehicle almost immediately after he hit Richardson and said that he was sorry twice. Richardson, who was still on the ground, drew his weapon and "fired three or four shots" at the car. The car began to roll, and Richardson stood and shot approximately eight more times. The driver was seriously

injured by a gunshot wound to the head, but the passenger was not injured.

Richardson was indicted on two counts of aggravated battery on the driver and one count of aggravated assault on the passenger. Following a jury trial, the State withdrew one of the battery charges, and the jury acquitted Richardson on the remaining count against the driver, but convicted him of aggravated assault on the passenger.

Richardson contends that the evidence was insufficient to support the aggravated assault conviction against the passenger because the State failed to present sufficient evidence that the passenger was in reasonable apprehension of immediately receiving a violent injury or that he had attempted to commit a violent injury on the passenger.

Aggravated assault occurs where a person commits an act that places another in reasonable apprehension of immediately receiving a violent injury, which is aggravated by the use of a deadly weapon. OCGA §§ 16-5-20 (a) (2); 16-5-21 (a) (2).

Although Richardson argues that the State "failed to elicit from the passenger the minimal evidence necessary to suggest that he feared receiving a violent injury," our review of the record evinces otherwise. The passenger testified at trial that the first shots that were fired shattered the windshield, and he "leaned to the side" to get away from the shots and that, as other shots were fired while the car rolled down the hill, "I was scared."

Accordingly, we find that because the passenger's testimony demonstrates that he had a reasonable apprehension of a violent injury, the evidence was sufficient, under the standard set forth in *Jackson v. Virginia*, to find Richardson guilty of aggravated assault. If the victim is in reasonable apprehension of an immediate violent injury from a weapon, an aggravated assault has occurred. *Dunagan v. State*, 269 Ga. 590, 593 (2) (b) (502 SE2d 726) (1998).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED APRIL 29, 2003 —

*Sexton & Morris, Lee Sexton, Joseph S. Key*, for appellant.

*Charles H. Weston, District Attorney Pro Tem, Daniel A. Hiatt, Damon L. Sanderson, Assistant District Attorneys*, for appellee.