## A11A0648. POWELL v. THE STATE.
### (712 SE2d 139)

DOYLE, Judge.
Following a jury trial, Sandy Powell was convicted of robbery.[1] Powell appeals the denial of his motion for new trial, arguing that the evidence was insufficient to support his conviction. We disagree and affirm.

> When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that on February 19, 2009, Steven Hulsey gave Jessica Davis a ride to Powell's house. Hulsey waited in the car while Davis entered Powell's house. While inside, Davis spoke with Randy Pitts, and the two decided to rob Hulsey. Davis returned

---

[5] OCGA § 16-2-20 (a).
[6] See *Walker v. State*, 281 Ga. App. 94, 97 (1) (635 SE2d 577) (2006).
[1] OCGA § 16-8-40 (a) (1).
[2] *Jones v. State*, 302 Ga. App. 147 (1) (690 SE2d 460) (2010). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

to Hulsey's car, and they proceeded to a Ramada Inn. During the drive, Davis repeatedly sent text messages to Pitts's cell phone, discussing the impending robbery.

When they arrived at the motel, Davis urged Hulsey to ask for a room at the back of the complex. Once in the motel room, Hulsey decided to take a shower. Hulsey placed his wallet, which contained approximately $2,300 in cash, in a stack of towels in the bathroom before entering the shower.

Meanwhile, Powell, Pitts, Chris Marable, and Ryan Freeman left Powell's house and drove to the motel. While en route, there were multiple text messages exchanged with Davis regarding the robbery, which all four occupants of the car discussed. When they arrived at the motel, the four men entered the motel room, while Hulsey was in the shower. Davis did not know where Hulsey's wallet was located, so Pitts directed her to go into the bathroom and ask Hulsey for some money to get a drink. Davis complied and told Pitts that Hulsey's wallet was in the bathroom. Pitts then went into the bathroom, struck Hulsey in the face, took his wallet, and then left the motel in the car with Davis, Powell, Marable, and Freeman. The group returned to Powell's house, where they divided up the money Pitts took from Hulsey. After the robbery and his subsequent arrest, Powell asked Hulsey if he would be willing to drop the charges if his money was returned to him; Hulsey agreed, but his money was never returned.

On appeal, Powell argues that the evidence was insufficient to demonstrate that he was a party to Hulsey's robbery rather than merely present at the scene of the crime before the actual robbery. We disagree.

"A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y use of force."[3] "Even if a person does not directly commit the crime, a person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime."[4] Factors to consider when determining whether a person is a party to a crime include "the person's presence, companionship, and conduct before and after the crime. . . ."[5]

Here, testimony that Powell was present in the car with Pitts, Freeman, and Marable, and that he participated in the discussion

[3] OCGA § 16-8-40 (a) (1).

[4] (Citation and punctuation omitted.) *Green v. State*, 298 Ga. App. 17, 20 (1) (679 SE2d 348) (2009). See OCGA § 16-2-20 (b) (3), (4).

[5] *Parks v. State*, 272 Ga. 353, 354 (529 SE2d 127) (2000).

about the robbery, combined with his subsequent entry into the motel room where Davis and Hulsey were present and his flight thereafter, was sufficient to support his robbery conviction.[6]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JUNE 17, 2011.

*Edgar A. Callaway, Jr.*, for appellant.

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

---

[6] See *Millender v. State*, 286 Ga. App. 331, 332 (1) (648 SE2d 777) (2007); *Cutkelvin v. State*, 258 Ga. App. 691, 693-694 (1) (574 SE2d 883) (2002); *Barnett v. State*, 244 Ga. App. 585, 588 (2) (536 SE2d 263) (2000).