## A11A1358. MYERS v. THE STATE.
(716 SE2d 772)

DILLARD, Judge.

Following a jury trial, Randy Thomas Myers was convicted of aggravated assault, fleeing and attempting to elude police, two counts of obstructing officers, and various traffic offenses. Myers appeals his convictions, contending that (1) the evidence was insufficient as to the aggravated-assault conviction, (2) the counts of aggravated assault and fleeing and attempting to elude were improperly and incompletely alleged in the indictment, and (3) the prosecution improperly and deliberately placed his character at issue. For the reasons noted infra, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that on August 11, 2004, Myers was the subject of a "be on the lookout" ("BOLO") issued by the United States Marshal Service, which advised law enforcement that Myers was known to be traveling in a green Chevrolet Tahoe. As a result of this BOLO, an officer with the Rome City Police Department—while directing traffic—spotted a green Tahoe and a driver who matched Myers's description, along with a passenger.

After the officer spotted Myers inside the Tahoe and began to approach, the vehicle pulled out of the traffic, sped directly toward the officer and then away from the scene. At trial, the officer testified that he would have been hit by the Tahoe had he not stepped out of its way and that he and another officer thereafter pursued Myers in a high-speed chase. Although the Tahoe stopped at one point during the pursuit, it sped away again as the officer exited his patrol car and began to approach the vehicle. The chase finally ended when the Tahoe veered off into rough terrain that made it impossible for the patrol cars to follow, and law enforcement subsequently found the vehicle abandoned in the woods.

The next day, police apprehended Myers's passenger (the owner of the Tahoe) in the vicinity of the same wooded area, and there was testimony that something (or someone) was heard running through the woods during the passenger's arrest. And while Myers was not

---

[1] *See, e.g., Powell v. State*, 310 Ga. App. 144, 144 (712 SE2d 139) (2011).

located that day, he was apprehended a few days later. Thereafter, Myers was indicted and tried by a jury, which found him guilty of aggravated assault,[2] fleeing and attempting to elude police,[3] two counts of obstructing an officer,[4] and various other traffic offenses. This appeal follows.

1. Myers first challenges the sufficiency of the evidence with regard to his conviction for aggravated assault,[5] contending that the State "failed to prove any intent to make an assault of [the law enforcement officer]" or "apprehension of any injury by or on the part of [the law enforcement officer]." We disagree.

At the outset, we note that after a defendant has been convicted, "we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence."[6] And we "do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt."[7] So viewed, it is clear from the appellate record that the State met its burden of proof.

Myers was charged with committing aggravated assault upon a police officer based on his act of driving toward the uniformed officer as he sped away from where the officer was directing traffic. The State alleged that Myers committed the offense by using a motor vehicle as "an object likely to result in serious bodily injury."[8] But Myers disputes this charge, arguing that the evidence at trial failed to prove that the officer was actually in apprehension of a serious bodily injury and that his movement was instead merely incidental to directing traffic. The officer, however, specifically testified that he believed the vehicle would hit him and that he stepped backward to avoid being struck. Accordingly, the jury was presented with sufficient evidence to find that the officer was in apprehension of serious

---

[2] *See* OCGA § 16-5-21 (a) (2), (c).

[3] *See* OCGA § 40-6-395 (a).

[4] *See* OCGA § 16-10-24 (b).

[5] Myers was charged with two counts of aggravated assault—one alleging aggravated assault in general and another alleging aggravated assault against a peace officer. He was found guilty on both counts; however, the counts were then merged at sentencing.

[6] *Powell*, 310 Ga. App. at 144.

[7] *Id.* (footnote omitted).

[8] *See* OCGA § 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]"); *see also* OCGA § 16-5-20 (a) (1)-(2) ("A person commits the offense of simple assault when he or she either . . . [a]ttempts to commit a violent injury to the person of another; or . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury.").

bodily injury[9] and, thus, to convict Myers on this charge.[10]

2. Myers next challenges the trial court's denial of his motion in arrest of judgment as to both the aggravated-assault count and the count of fleeing and attempting to elude police, arguing that they were improperly and incompletely alleged.

As to the aggravated-assault count, Myers takes issue with the indictment's failure to allege the manner in which the motor vehicle was used as a deadly weapon because motor vehicles are not, per se, deadly weapons.[11] As to the charge of fleeing and attempting to elude, Myers argues that the indictment failed to allege every material element of the offense by omitting the audible-and-visual-signals element.[12] However, the trial court denied Myers's motion because it was filed over five years after judgment was entered, which Myers does not dispute was untimely because a motion in arrest of judgment "must be made during the term at which the judgment was obtained."[13] And because Myers's motion was untimely, it is not subject to appellate review.[14] Accordingly, the trial court did not err in denying Myers's motion in arrest of judgment.[15]

---

[9] *See Watson v. State*, 301 Ga. App. 824, 826 (689 SE2d 104) (2009) (holding that there was sufficient evidence of aggravated assault when defendant threw a glass bowl at his manager and "the manager's act of raising her hand protectively showed apprehension of violent injury"); *Williams v. State*, 270 Ga. App. 371, 371 (1) (606 SE2d 594) (2004) ("There was evidence to support the jury's verdict that Williams committed aggravated assault when he accelerated toward the police officers, putting them in reasonable apprehension of immediate injury." (citations omitted)); *Richardson v. State*, 261 Ga. App. 55, 56 (581 SE2d 694) (2003) (holding that there was sufficient evidence of aggravated assault when the defendant fired shots at a moving vehicle and the passenger testified that he "leaned to the side" to get away from shots and that he was scared).

[10] *See Watson*, 301 Ga. App. at 825-26 ("[T]he State was only required to show an attempt to commit a violent injury, *or* an act that places another in reasonable apprehension thereof." (citation and punctuation omitted)).

[11] *See Blalock v. State*, 165 Ga. App. 269, 269 (299 SE2d 753) (1983) ("An automobile is not per se a deadly weapon, but may become one depending upon the manner and means of the vehicle's use." (citations omitted)).

[12] *See* OCGA § 40-6-395 (a) ("It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop.").

[13] OCGA § 17-9-61 (b).

[14] *See Dasher v. State*, 285 Ga. 308, 310 (2) (676 SE2d 181) (2009) ("[W]e cannot address the motion in arrest of judgment because it was not timely filed." (citation omitted)); *May v. State*, 179 Ga. App. 736, 737 (2) (348 SE2d 61) (1986) (holding that when judgment was entered in April term of court and attack on indictment was made in July term, the defendant's motion "was untimely and not subject to appellate review"); *see also Thompson v. State*, 286 Ga. 889, 890 (2) (692 SE2d 379) (2010).

[15] *See Lacey v. State*, 253 Ga. 711, 711 (324 SE2d 471) (1985) (holding that trial court did not err in denying motion in arrest of judgment filed three years after judgment rendered). Although Myers urges this Court to do so, we will not apply the plain-error doctrine here because that doctrine is "limited to capital cases and to criminal cases in which the trial judge

3. Finally, Myers contends that the State improperly, consistently, and deliberately placed his character at issue through references to his status as a fugitive. We disagree.

The State presented testimony of various law enforcement officials who explained that Myers was wanted by the United States Marshal Service on the day in question and that he was known to be driving a green Chevrolet Tahoe.[16] This information was relevant to prove that Myers had a motive for fleeing from and eluding police.[17] And "[e]vidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue."[18] The evidence of Myers's fugitive status was, therefore, relevant and admissible.

Accordingly, for all the foregoing reasons, we affirm Myers's convictions.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 14, 2011 — 

*Cook & Connelly, Rex B. Abernathy, Steven A. Miller*, for appellant.

*Leigh E. Patterson, District Attorney, John A. Tully, Assistant District Attorney*, for appellee.

---

allegedly intimates an opinion of the defendant's guilt, in violation of OCGA § 17-8-57." *Jarrett v. State*, 299 Ga. App. 525, 527 (1) n.3 (683 SE2d 116) (2009) (citation omitted) (declining to apply plain-error doctrine to defendant's post-judgment attack of indictment); *see also Cochran v. State*, 277 Ga. App. 251, 255 (2) (626 SE2d 217) (2006) (declining to apply plain-error doctrine to situation that was neither a capital case nor an opinion by the judge as to the defendant's guilt). *But see Collier v. State*, 288 Ga. 756, 759-66 (707 SE2d 102) (2011) (Nahmias, J., concurring specially) (discussing application of plain-error doctrine to review of jury charges).

[16] The jury was not told why Myers was a fugitive or what charges he faced.

[17] *Cf. Brown v. State*, 268 Ga. 354, 359 (6) (490 SE2d 75) (1997) ("The fugitive information was central to motive and it is not grounds for reversal that this relevant information may have incidentally placed [the defendants'] character in issue." (citation omitted)).

[18] *Johnson v. State*, 260 Ga. 457, 457 (2) (396 SE2d 888) (1990) (citation omitted); *see also Sterling v. State*, 267 Ga. 209, 211 (4) (477 SE2d 807) (1996) (same).