**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 10, 2013**

# In the Court of Appeals of Georgia

A13A1592. MCDOUGLER v. THE STATE.

DILLARD, Judge.

Following a jury trial, Ronald McDougler was convicted on two counts of sale of cocaine and two counts of possession of cocaine. McDougler appeals his convictions and the denial of his motion for new trial, arguing that (1) the evidence was insufficient to support his convictions, (2) the trial court erred in failing to adequately instruct the jury regarding similar-transaction evidence, (3) the trial court erred in admitting his custodial statements into evidence, (4) the trial court erred in denying his claim of ineffective assistance of counsel, and (5) the trial court erred in denying his claim that his Sixth Amendment right to a speedy trial was violated. We find that the evidence was sufficient to support McDougler's convictions. However, because we also find that the trial court's order denying McDougler's speedy-trial

claim is insufficient to allow us to determine whether the trial court abused its discretion, we vacate the judgment and remand the case for entry of an order expressly including proper findings in accordance with *Barker v. Wingo*.[1]

Viewed in the light most favorable to the jury's verdict,[2] the record shows that on January 30, 2008, the Camden County Sheriff's Department set up an undercover operation, in which a confidential informant went to McDougler's residence and purchased $20 worth of crack cocaine. On March 6, 2008, the same informant, once again working undercover, returned to McDougler's residence and purchased another $20 worth of crack cocaine. A few days after this second purchase, a sheriff's deputy obtained a warrant and arrested McDougler.

Subsequently, McDougler was charged, via accusation, with counts of sale of cocaine[3] and possession of cocaine[4] for the January 30 transaction and counts of sale of cocaine and possession of cocaine for the March 6 transaction. On July 2, 2009, approximately two weeks before his scheduled trial date, McDougler filed a motion

---

[1] 407 U.S. 514 (92 SCt 2182, 33 LE2d 101) (1972).

[2] *See, e.g.*, *Powell v. State*, 310 Ga. App. 144, 144 (712 SE2d 139) (2011).

[3] *See* OCGA § 16-13-30 (b).

[4] *See* OCGA § 16-13-30 (a).

to dismiss the accusation on the ground that his constitutional right to a speedy trial was violated.[5] On July 9, 2009, the trial court issued an order denying McDougler's speedy-trial claim. And one week later, McDougler was tried and convicted on all four counts in the accusation. Thereafter, McDougler retained new counsel and filed a motion for new trial, which the trial court denied. This appeal follows.

1. McDougler contends that the evidence was insufficient to support his convictions of sale and possession of cocaine. We disagree.[6]

On appeal from a criminal conviction, "we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence."[7] Furthermore, we do not weigh the evidence or determine witness credibility, but "only determine if the evidence was sufficient for a rational trier of

---

[5] *See* U.S. Const. amend VI.

[6] Although we ultimately must vacate the trial court's judgment for the reasons discussed in Division 2, *infra*, because McDougler specifically contends that the evidence was insufficient to support his convictions, we must address that enumeration of error. *See Lewis v. State*, 248 Ga. 566, 566 (1) (285 SE2d 179) (1981) (holding that the Court of Appeals cannot properly ignore an enumeration of error regarding insufficiency of evidence to support a conviction when the contention was made that the evidence was insufficient even prior to exclusion of any improperly admitted evidence).

[7] *Powell*, 310 Ga. App. at 144 (punctuation omitted).

fact to find the defendant guilty of the charged offense beyond a reasonable doubt."[8] With these guiding principles in mind, we turn now to McDougler's contention that the evidence was insufficient to support his convictions.

OCGA § 16-13-30 (b) provides that "it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance." And OCGA § 16-13-30 (a) provides that "it is unlawful for any person to purchase, possess, or have under his or her control any controlled substance." Here, a confidential informant working for law enforcement in an undercover operation purchased crack cocaine from McDougler on two separate occasions. As such, the evidence was clearly sufficient to allow the jury to convict McDougler of selling and possessing cocaine.[9]

2. McDougler also contends that the trial court erred in denying his claim that his right to a speedy trial was violated. However, we are unable to meaningfully review the trial court's order on this issue and, therefore, must vacate that judgment.

---

[8] *Id.* (punctuation omitted).

[9] *See Duffie v. State*, 301 Ga. App. 607, 609 (1) (688 SE2d 389) (2009) (holding that testimony of confidential informants regarding their purchase of cocaine from defendant was sufficient to support defendant's conviction for sale of cocaine).

4

It is well established that constitutional speedy-trial claims under the Sixth Amendment and the Georgia Constitution are analyzed pursuant to the four-part test mandated by *Barker v. Wingo*,[10] which requires the trial court to consider:

> (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to speedy trial, and (4) the prejudice to the defendant. The fourth factor requires the court to consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired.[11]

And none of these factors are "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy-trial," but are instead "related factors [that] must be considered together with such other circumstances as may be relevant."[12] In sum, these factors have "no talismanic qualities; courts must still engage in a difficult and sensitive balancing process."[13]

---

[10] *See Higgenbottom v. State*, 288 Ga. 429, 430 (704 SE2d 786) (2011); *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997).

[11] *Higgenbottom*, 288 Ga. 430 (punctuation omitted).

[12] *Barker*, 407 U.S. at 533 (IV).

[13] *Barker*, 407 U.S. at 533 (IV); *see Higgenbottom*, 288 Ga. at 430.

Importantly, it is not the role of the appellate court to "weigh the *Barker* factors in the first instance."[14] Rather, our charge is to "review the denial of a defendant's constitutional speedy trial claim for an abuse of discretion."[15] As such, it is imperative that "in cases implicating a defendant's constitutional right to speedy trial, the trial court enter findings of fact and conclusions of law consistent with *Barker*."[16] Indeed, in the absence of such findings, "there is no exercise of discretion for this Court to review."[17]

And here, while the trial court's order noted that the "14-month delay" between the time of McDougler's arrest and his trial was "presumptively prejudicial," there were no findings as to *any* of the other *Barker* factors. Furthermore, there is nothing in the record to indicate whether a hearing was even held on McDougler's speedy-trial claim, much less a transcript containing verbal findings of fact and conclusions of law that would allow us to review the trial court's ruling despite the absence of

---

[14] *Jackson v. State*, 311 Ga. App. 342, 343 (715 SE2d 761) (2011) (punctuation omitted); *see State v. Pickett*, 288 Ga. 674, 679-80 (2) (d) (706 SE2d 561) (2011).

[15] *Higgenbottom*, 288 Ga. at 430.

[16] *Id.* at 430-31.

[17] *Id.* at 431.

such findings in the court's order.[18] Given these circumstances, we conclude that the trial court's order is insufficient to provide for proper appellate review.[19] Accordingly, the trial court's order denying McDougler's constitutional speedy-trial claim is vacated, and the case is remanded for the entry of a proper order pursuant to *Barker v. Wingo*.

3. In light of our holding in Division 2, we need not address McDougler's remaining enumerations of error at this time. Upon the trial court's entry of its new order on McDougler's motion to dismiss the accusation, the losing party may appeal.

---

[18] *Compare Brown v. State*, 287 Ga. 892, 894 n.3 (700 SE2d 407) (2010) (noting that although the trial court entered a summary order denying the motions to dismiss, the order referenced the court's findings entered on the record at a hearing, and a transcript of that hearing showed that the court engaged in the balancing test under *Barker*), *with Richardson v. State*, 311 Ga. App. 369, 370 (715 SE2d 774) (2011) (holding that trial court's order denying defendant's speedy-trial claim was insufficient for review given that it included no findings of fact and given that trial court did not incorporate in its order a transcript containing verbal findings of fact).

[19] *See Higgenbottom*, 288 Ga. at 431 (holding that trial court's order denying defendant's speedy-trial claim, which only determined that defendant was not prejudiced by delay, was insufficient to provide for review); *Jackson*, 311 Ga. App. at 343 (same); *see also Richardson*, 311 Ga. App. at 370 (holding that trial court's order denying defendant's speedy-trial claim, which did not include any findings of fact or conclusions of law, was insufficient to provide for appellate review).

And in the event the court again denies McDougler's motion, he may reassert his remaining claims of error should he choose to appeal the court's decision.[20]

*Judgment affirmed in part, vacated in part and case remanded. Andrews, P. J., and McMillian, J., concur.*

---

[20] *See Colton v. State*, 292 Ga. 509, 513 (3) (739 SE2d 380) (2013) (remanding case for trial court to determine if defendant's custodial statement was voluntary and noting that defendant could appeal in the event of a judgment against him on that issue and reassert remaining issues as well).