**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 28, 2016**

# In the Court of Appeals of Georgia

A16A1347. MCDOUGLER v. THE STATE.

MILLER, Presiding Judge.

This case is before this Court for a second time to address Ronald McDougler's claim that the trial court should have dismissed his indictment on constitutional speedy trial grounds. *McDougler v. State*, 323 Ga. App. 828 (748 SE2d 475) (2013) ("*McDougler I*"). In 2009, McDougler was convicted by a jury of two counts of sale of cocaine (OCGA § 16-13-30 (a)), and two counts of possession of cocaine (OCGA § 16-13-30 (b)). McDougler filed a direct appeal, arguing that he was denied his constitutional right to a speedy trial, and this Court remanded to the trial court with instructions to enter sufficient findings of fact and conclusions of law with respect to the speedy trial claim. *McDougler I,* supra, 323 Ga. App, at 830 (2). McDougler now appeals the renewed denial of his motion to dismiss his indictment on constitutional

speedy trial grounds, arguing that the trial court erred in its analysis of the principles set out in *Barker v. Wingo*, 407 U. S. 514, 530-533 (IV) (92 SCt 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647, 651-654 (II) - (III) (112 SCt 2686, 120 LE2d 520) (1992). After a thorough review, we affirm.

> In Georgia, the application of [the *Barker-Doggett*] principles to the circumstances of a particular case is a task committed principally to the discretion of the trial courts, and it is settled law that our role as a court of review is a limited one. Under our precedents, we must accept the factual findings of the trial court unless they are clearly erroneous, and we must accept the ultimate conclusion of the trial court unless it amounts to an abuse of discretion, even though we might have reached a different conclusion were the issue committed to our discretion.

(Citations and footnote omitted.) *State v. Buckner*, 292 Ga. 390, 391 (738 SE2d 65) (2013).

A full factual history of McDougler's conviction is set forth in *McDougler I*, supra, 323 Ga. App. at 828-829, and we need not recount it here. We do, however, set forth those facts relevant to our speedy trial analysis: McDougler was arrested in March, 2008, and charged with several drug-related offenses by accusation on April 21, 2008.

At jury selection on October 20, 2008, the State was unprepared because it believed that McDougler was going to enter a guilty plea. The trial court postponed jury selection until October 22, 2008, however, on October 21, 2008, the State filed a notice of intent to present evidence of similar transactions. This notice failed to comply with the statutory 10-day notice requirement, and accordingly, defense counsel objected. The trial court granted a continuance.

Despite the continuance, when the parties met for a hearing on outstanding motions, on January 7, 2009, the State again failed to comply with the requirements for the notice of similar transactions. . As a result, the judge sua sponte granted a second continuance, and set the new trial date for July 16, 2009. On July 2, 2009, just two weeks before trial, defense counsel filed a motion to dismiss the indictment, raising the constitutional speedy trial claim.

At a hearing on his speedy-trial motion, McDougler argued that the delay in a timely trial was attributable to the State and its failure to file a proper notice of similar transaction evidence. He further argued that the time period was presumptively prejudicial, and the delay impaired his interest in a speedy trial. The trial court denied the motion to dismiss in an order that did not contain the required factual findings.

3

Following his conviction, McDougler directly appealed, raising his speedy-trial claim. This Court remanded the case for the trial court to enter explicit findings of fact and conclusions of law with respect to McDougler's speedy trial claim. *McDougler I*, supra, 323 Ga. App. at 830-831 (2). On remand, the trial court again denied the motion to dismiss, and this appeal followed.[1]

In his sole enumeration of error, McDougler alleges that the trial court erred in ruling against him on the third and fourth *Barker-Doggett* factors because (1) the trial court did not mitigate his delay in seeking dismissal due to the State's tardiness in complying with discovery, and (2) the trial court failed to find that the length in delay harmed his defense by giving the confidential informant time to gain credibility.

The Sixth Amendment to the U.S. Constitution, and the Georgia Constitution, guarantee criminal defendants the right to a speedy trial. See U.S. Const. Amend. VI.; Ga. Const. Art. I, Sec. I, Para. XI (a).

> In ruling on a defendant's constitutional speedy trial claim, a trial court's first inquiry is whether the interval from the accused's arrest,

---

[1] McDougler's counsel failed to file a notice of appeal from the trial court's order on remand. On May 30, 2014, McDougler filed a petition for habeas corpus alleging ineffective assistance of trial counsel and appellate counsel, and as a result the trial court granted his petition on February 1, 2016, thus enabling McDougler to file the instant appeal.

4

indictment, or other formal accusation to the trial is sufficiently long to be considered presumptively prejudicial. If not, the speedy trial claim fails at the threshold. A delay approaching one year is generally deemed to be presumptively prejudicial. If this threshold is crossed, the court must consider the four factors outlined in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): [1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result. These four factors have no talismanic qualities and must be considered together with such other circumstances as may be relevant given the animating principles behind the speedy trial guarantee. Thus, the second stage of the constitutional speedy trial analysis requires courts to engage in a difficult and sensitive balancing process and necessarily compels them to approach speedy trial cases on an ad hoc basis.

(Citations and punctuation omitted.) *State v. Pickett*, 288 Ga. 674, 675 (2) (a) (706 SE2d 561) (2011). "The trial court's weighing of each factor and its balancing of all four factors—its ultimate judgment—are reviewed on appeal only for abuse of discretion." *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011)

(1) Presumptive prejudice

5

Where a trial has yet to occur, the period of delay is calculated from the day of arrest or formal accusation to the date on which a speedy trial motion was granted or denied. *Porter*, supra, 288 Ga. at 525 (2) (a). Generally, for crimes that do not involve many complexities, a delay that is approaching one year raises a presumption of prejudice. *Ruffin v. State*, 284 Ga. 52, 55 (2) (a) (663 SE2d 189) (2008).

Here, the trial court found that the delay in this case, which was just shy of 16 months, was presumptively prejudicial. Accordingly, we turn to the four-factor balancing test.

(2) *Barker-Doggett* Balancing test

When analyzing the four *Barker-Doggett* factors, no single factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Ruffin*, supra, 284 Ga. at 55 (2) (b).

Here, the trial court found that the first two factors – the length of delay and the cause of delay – weighed in McDougler's favor. As such, the only issues before us relate to the third and fourth factors.

(a) Assertion of the Right

The third factor of the *Barker-Doggett* analysis is the assertion of the right to a speedy trial. The State bears the burden to ensure that individuals accused of a

6

crime are brought to trial promptly. *Ruffin*, supra, 284 Ga. at 62 (2) (b) (iii). Nevertheless, the accused also holds responsibility in asserting his right so that the government has notice that the accused would like to be tried in a timely manner. Id. The accused, however, is not required to assert his right at the first available opportunity. Id. Thus, the determinative question in analyzing this third factor is whether or not the accused asserted his right in "due course." Id. at 63 (2) (b) (iii).

"To assess whether the accused insisted 'in due course' upon his right to a speedy trial requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately." (Citation omitted.) *Buckner*, supra, 292 Ga. at 397 (3) (c). When a delay in trial is due to the State's failure to comply with discovery, the trial court is entitled, but not required, to mitigate a delay in the defendant's assertion of his right. *State v. Shirley*, 311 Ga. App. 141, 146 (3) (c) (714 SE2d 636) (2011). "[A] defendant cannot be faulted for demanding that the state comply with discovery obligations before trial began." Id.

Here, McDougler was arrested in March 2008, and the trial court granted two continuances in October 2008, and January 2009, due to the State's failure to meet its discovery obligations. McDougler, however, did not file his motion to dismiss

until July 2, 2009. Although the delay in this case was due to the State's failure to comply with discovery requirement, the trial court was not *required* to mitigate this factor, and it was within the trial court's discretion to decide whether or not to take this in account. *Shirley*, supra, 311 Ga. App. at 146 (3) (c). The trial court noted that McDougler had no articulable reason for the 16-month delay in asserting his right. Thus, the trial court weighed this factor against McDougler.

We cannot say that the trial court abused its discretion in weighing this factor. Given the many pre-trial hearings that occurred, and the two continuances granted to the State, McDougler arguably did not act "in due course" to assert his right to a speedy trial. Notably, even after the trial court granted the second continuance, McDougler waited six months to bring his motion. See *Robinson v. State*, 287 Ga. 265, 268-269 (1) (c) (695 SE2d 201) (2010) (defendant waited 16 months after arrest and waited nine months after the appointment of new counsel to raise speedy-trial claim); *Weis v. State*, 287 Ga. 46, 54 (1) (c) (694 SE2d 350) (2010) (fact that defendant waited one month after case was placed on trial calendar to bring motion weighed against him). In light of our deferential standard of review, we conclude that the trial court did not abuse its discretion in not mitigating this factor.

(b) Prejudice

8

The fourth and final factor of the *Barker-Dogett* analysis is the prejudice to the defendant.

> As the United States Supreme Court has explained, prejudice should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect, namely to prevent oppressive pretrial incarceration, to minimize anxiety and concern of the accused, and to limit the possibility that the defense will be impaired.

(Citations and punctuation omitted.) *Buckner*, supra, 292 Ga. at 398 (3) (d). "With regard to the possibility of harm to the accused's defense, this element is the most serious of the three factors regarding prejudice to the defendant." (Citation and punctuation omitted.) *Robinson*, supra, 287 Ga. at 269 (1) (d).

Here, the trial court found that McDougler presented no evidence that he suffered anxiety or concern, and he made no showing that the delay affected his ability to defend himself. Although McDougler contends that the passage of time enhanced the confidential informant's credibility by increasing the length of time in which the informant could undergo, and pass, drug screenings, the State also presented audio and video evidence at trial to corroborate the informant's testimony. See *Leopold v. State*, 333 Ga. App. 777, 783-784 (2) (d) (777 SE2d 254) (2015) (defendant was not prevented from obtaining evidence or testimony and therefore

9

delay in trial, which strengthened the State's case, did not cause prejudice). Thus, we cannot say the trial court abused its discretion in finding that this factor weighed against McDougler.

(c) Balancing the factors

We find no basis to reverse the trial court's weighing of these four factors. Although we do not condone the State's repeated failure to comply with discovery rules, and we might have reached a different conclusion had the issues been subject to our – rather than the trial court's – discretion, we cannot say that the trial court abused its discretion in concluding that the factors weighed against McDougler. *Buckner*, supra, 292 Ga. at 391. Accordingly, we affirm the trial court's denial of McDougler's motion to dismiss on speedy trial grounds.

*Judgment affirmed. McFadden and McMillian, JJ., concur.*