302 Ga. 792
FINAL COPY

S17A1516. WARE v. THE STATE.

BENHAM, JUSTICE.

Jermaine Ware was convicted of malice murder and other offenses arising out of the shooting death of Rodney Mitchell, Jr. and the aggravated assault of two other individuals.[1]  Viewed in the light most favorable to the verdict, the evidence shows that the events leading up to the shooting occurred at a New Year's Eve party that Ware and others had attended at a residence in Polk County.  At the party, Ware and others were drinking.  During the night,

---

[1] The crimes occurred on January 1, 2011.  On July 18, 2011, a Polk County grand jury returned an indictment charging appellant with malice murder (Count 1), felony murder (aggravated assault) (Count 2), aggravated assault with a deadly weapon upon the murder victim (Count 3), aggravated assault with a deadly weapon upon Jana Stocks (Count 4), aggravated assault with a deadly weapon upon Deundra Cummings (Count 5), and possession of a firearm by a convicted felon (Count 6).  After a jury trial conducted from December 3 to December 6, 2012, the jury found appellant guilty of Counts 1 through 5 of the indictment.  Appellant waived his right to a jury trial on Count 6, which was bifurcated, and the trial court also found appellant guilty on that charge.  Appellant was sentenced to life imprisonment for malice murder, and the trial court merged the convictions for Counts 2 and 3 into the malice murder conviction.  In fact, the felony murder guilty verdict should have been vacated as a matter of law instead of merged into the sentence for malice murder, and this sentencing error is addressed in Division 3 of this opinion.  The trial court imposed three concurrent sentences of five years for each of the remaining convictions.   After conducting a hearing, appellant's motion for new trial was denied by order dated June 28, 2016.  On March 16, 2017, a consent order was entered, nunc pro tunc to March 9, 2017, granting appellant's out of time appeal.  This case was docketed to the August 2017 term of court for a decision to be made on the briefs.

Ware fell asleep on the sofa and someone at the party painted his fingernails with nail polish and applied lip gloss to his lips. He was angry when he woke up to discover this prank. As the partygoers were leaving at about 8:30 a.m. on January 1, 2011, Ware continued to complain about the prank and asked Mitchell if he was the one who painted his nails, but Mitchell denied it. Mitchell borrowed a semi-automatic pistol from another partygoer, walked into the road, and shot into the air several times to celebrate the New Year. As Mitchell was turning to give the gun back to his friend, Ware stepped out of a car that was parked near the house where the party had taken place, aimed a revolver in Mitchell's direction, and shot him. The bullet struck Mitchell in the head, and Mitchell died from his wounds. The gun Ware fired that morning was not recovered, but according to an expert witness, the bullet recovered from Mitchell's head during an autopsy was a .38-caliber metal-jacketed bullet that would have been shot from a revolver. Ware also aimed the gun at two others and started shooting, but they ran from him and were not hit. Shortly thereafter, Ware arrived at his ex-girlfriend's house, and, at his request, she gave him a ride to Alabama.

The jury convicted Ware, rejecting his counsel's theory that the shooter could have been an unidentified person who was seen firing a gun near the

house where Ware and others were partying. As set forth below, this Court rejects Ware's argument that the trial court erred in failing to rebuke the prosecutor for statements made during the closing argument. We agree, however, that the trial court committed a sentencing error, though it does not require the sentence to be vacated.

1.  Although Ware does not challenge the sufficiency of the evidence to convict him, it is this Court's practice to conduct an examination of the record to determine the legal sufficiency of the evidence in murder cases. Having done so, we conclude the evidence presented at trial and summarized above was sufficient to authorize a rational trier of fact to find Ware guilty beyond a reasonable doubt of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2.  During closing argument, the prosecutor made a statement indicating that, as a result of his experience in both prosecuting and defending criminal cases, he could predict from the outset in this case that the defendant would present one of two different defenses: either self-defense or a claim that someone else committed the act. The prosecutor stated that since a self-defense theory was not available under the facts of the case, it was predictable

that the defendant would attempt to defend the charges by claiming someone else committed the act that killed the victim. Ware's trial counsel objected on the ground that this argument was improper, but the trial court overruled the objection. On appeal, Ware asserts the trial court erred by failing to rebuke the prosecutor for violating OCGA §17-8-75, which prohibits a trial counsel from making statements within the hearing of the jury regarding prejudicial matters not in evidence.[2]

We conclude the trial court's failure to rebuke the prosecutor for the comment was, at most, harmless error. In the context of this case, the jury could not have been misled with respect to the prosecutor's reference to a defense that was not pursued by the defendant since the statement merely reflected the prosecutor's opinion that a defense Ware did not pursue—self-defense—was not available to the defendant based on the evidence presented at trial. He then went on to argue that the defense Ware did present was not credible. In the jury instructions that followed closing arguments, the trial

---

[2] OCGA § 17-8-75 states:

> Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender.

court stated that neither the opening statements or closing arguments of the lawyers, nor the questions they asked, constituted evidence. In light of the substantial evidence of guilt in this case, as well as the trial court's jury instructions, "it is highly probable that neither this statement by the prosecutor in closing argument, nor any alleged failure of the trial court to comply with OCGA §17-8-75, contributed to the verdict." *Anderson v. State*, 302 Ga. 74, 85 (6) (805 SE2d 47) (2017). See also *Arrington v. State*, 286 Ga. 335, 345 (16) (a) (687 SE2d 438) (2009) (even a prosecutor's misstatement of the evidence is subject to harmless error analysis).

3. The State agrees with Ware that the trial court committed a sentencing error. The sentencing order purported to merge the felony murder guilty verdict into the malice murder guilty verdict. In fact, the felony murder verdict stands vacated as a matter of law. See *Jeffrey v. State*, 296 Ga. 713, 717-719 (3) (770 SE2d 585) (2015); *Hulett v. State*, 296 Ga. 49, 53 (2) (2014). Because that error does not affect the sentence actually imposed, however, it is not necessary to vacate the sentencing order.

Judgment affirmed. All the Justices concur.

Decided January 29, 2018.

Murder. Polk Superior Court. Before Judge Murphy.

Ross & Pines, Andrew S. Fleischman, for appellant.

Oliver J. Browning, Jr., District Attorney, Ryan H. Remsen, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General, for appellee.