Peterson, Justice.
*513 **306 Rufus Charles Witherspoon appeals pro se from the denial of his motions in arrest of judgment, which he filed approximately 27 years after his convictions. Because the trial court correctly concluded that Witherspoon's motions were untimely, we affirm.
In 1990, a jury found Witherspoon guilty of two counts of felony murder and other crimes in relation to the shooting death of a single **307 victim. Witherspoon appealed, and we affirmed his convictions. See Witherspoon v. State, 262 Ga. 2, 412 S.E.2d 829 (1992). Witherspoon later filed several motions challenging his convictions, arguing, among other things, that the trial court erred in sentencing him on both felony murder counts and that the error subjected him to double jeopardy. The trial court dismissed his motions for lack of jurisdiction, but vacated the sentence imposed on one felony murder count.[1] In November 2017, Witherspoon filed two motions in arrest of judgment, again raising claims related to the trial court's initial failure to merge the two felony murder counts. The trial court denied the motions as untimely, and this appeal ensued.
We do not reach the merits of Witherspoon's arguments on appeal, because the untimeliness of his motions precluded any relief. OCGA § 17-9-61 (b) requires that a motion in arrest of judgment "be made during the term in which the judgment was obtained." Witherspoon's convictions were entered on November 28, 1990, during the October term of the Appling County Superior Court that expired in February 1991. See OCGA § 15-6-3 (7) (A). Witherspoon filed his motions in November 2017, almost 27 years after the expiration of the term in which he was convicted. Because Witherspoon's motions were untimely, the trial court lacked authority to grant any relief, and it properly disposed of his motions on this basis. See Brooks v. State, 301 Ga. 748, 752 (2), 804 S.E.2d 1 (2017) (providing that although a trial court should "dismiss" rather than "deny" a motion it lacks jurisdiction to consider, we will vacate only when the court considers the merits of that motion). Therefore, we affirm.
Judgment affirmed.
Hines, C.J., Melton, P.J., Benham, Hunstein, Nahmias, Blackwell, and Boggs, JJ., concur.

Witherspoon filed a discretionary application from the dismissal of one of those motions, and we dismissed that application.