**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 20, 2021**

# In the Court of Appeals of Georgia

A21A0495. MURRELL v. THE STATE.

DILLARD, Presiding Judge.

Billy Murrell appeals from the trial court's grant of the State's motion to "clarify terms of sentence," which the State filed after learning that Murrell was being considered for parole. Specifically, Murrell argues that the trial court's "clarification" of his sentence (1) violated the separation of powers by subverting the parole board's prerogative, and (2) violated due process by imposing a more severe sentence on remand. And because the trial court lacked jurisdiction to issue an order on the State's motion, we vacate that order and remand this case with direction.

Following a trial by jury, Murrell was convicted of child molestation, sexual battery (two counts), aggravated assault, public indecency, false imprisonment, terroristic threats, and stalking (two counts). He was sentenced in 2004 to 35 years'

imprisonment. And on appeal from those convictions, we vacated only the conviction for terroristic threats.[1] A remittitur was then filed in the trial court on April 15, 2013, and approximately one week later, the trial judge entered an order to "[l]et the judgment of the Court of Appeals of Georgia be made the judgment of this court." But then, over five years later (on September 12, 2018), the same judge issued an "Amended Order on Remittitur," clearly vacating the conviction for terroristic threats.

In July 2020, the State was notified that Murrell was "being tentatively granted parole." The State immediately contacted the parole board and Georgia Department of Corrections, and the parole board confirmed it was considering Murrell for parole. At that point, in August 2020, the State filed its Motion to Clarify Terms of Sentence because it believed the parole board's interpretation of Murrell's sentence was incorrect.

---

[1] *See Murrell v. State*, 317 Ga. App. 310 (730 SE2d 675) (2012) (physical precedent only as to Div. 1).

Following a hearing on the motion,[2] the trial court—then presided over by a new judge—issued an order granting the State's motion for clarification. In doing so, the court instructed that the original May 7, 2004 sentencing order intended that Murrell be incarcerated for 35 years and that, even after the count for terroristic threats was vacated, "the remainder of the sentence that was left was intended by the Court to be 30 years to serve." Murrell appeals from this order.

Murrell argues the trial court's order violates the separation of powers by subverting the parole board's prerogative to calculate sentences, and that the court's order violated due process by imposing a more severe sentence on remand, which is

[2] A transcript from this hearing was not included with the appellate record transmitted to this Court, which *did* include three transcripts from Murrell's 2004 trial. But in his notice of appeal, Murrell did not request that any transcripts be included, which he was required to do by OCGA § 5-6-37 if he wished for a specific transcript to be reviewed. *See* OCGA § 5-6-37 ("In addition, the notice [of appeal] shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal."). And the specification that "'nothing' is to be omitted from the record would not [imply] that the transcript is to be included, [because] the appellant is required to state whether the transcript will be filed, in addition to designating any portion of the record to be omitted." *Steadham v. State of Ga.*, 224 Ga. 78, 80 (1) (159 SE2d 397) (1968); *accord Tempo Carpet Co. v. Collectible Classic Cars of Ga., Inc.*, 166 Ga. App. 564, 564 (305 SE2d 26) (1983). Nor did the State request to supplement the record with the missing transcript, although it repeatedly cites to this hearing in its brief. And when no transcript is included in the appellate record, we "must assume that the evidence was sufficient to support the judgment." *Tempo Carpet Co.*, 166 Ga. App. at 564 (punctuation omitted).

3

presumptively prejudicial. And having considered these arguments, we conclude that the trial court lacked jurisdiction to issue an order on the State's motion to clarify Murrell's sentence.

According to the State, following the vacation of Count 13, the parole board interpreted Count 12 as running concurrently with Counts 1, 2, 7, 8, 9, and 10. The State contends that by interpreting Count 12 to run concurrently with the earlier counts in the absence of Count 13, Murrell would receive a "10 year 'discount' [that] is clearly not what the sentencing [c]ourt intended." And when the State contacted both the parole board and the Georgia Department of Corrections, *those entities* advised the State "to seek clarification of the sentence and the intent of the sentencing court" in writing.

In its order on the State's motion, the trial court agreed with the State, concluding that—even after the count for terroristic threats was vacated—"the remainder of the sentence that was left was intended by the [c]ourt to be 30 years to serve," and clarified that "the [c]ourt intended for Count 12 to be consecutive to Count 13 as well as to all counts to which Count 13 had been consecutive." But Murrell notes that the State had "multiple opportunities" to seek clarification of his sentence if it was ambiguous, and it failed to do so in a timely manner. In response,

4

the State contends that there was no reason to seek clarification of Murrell's sentence—which it believed to be perfectly clear—until being advised to do so by the parole board and Department of Corrections.[3] This argument is a nonstarter. Even if the State filed its motion at the behest of the Department of Corrections, which is governed by the terms of OCGA 17-10-10 when computing sentences,[4] the trial court lacked authority to consider the motion to clarify Murrell's sentence given that it was filed nearly *two years* after the most recent order in that case.

To be sure, a sentencing court "retains jurisdiction to correct a void sentence at any time."[5] But the issue before the trial court was not whether Murrell's sentence was void, and thus its jurisdiction was not (and could not be) based upon that

---

[3] *Cf. Harper v. State*, 270 Ga. App. 376, 376-77 (606 SE2d 599) (2004) (addressing argument that trial court failed to clarify defendant's sentence when trial court concluded that it was "clear and unambiguous" after defendant received conflicting notices from the Parole Board as to his eligibility for parole).

[4] *See* OCGA § 17-10-10 (a) ("Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently unless otherwise expressly provided therein."); OCGA § 17-10-10 (d) ("This Code section shall govern and shall be followed by the Department of Corrections in the computation of time that sentences shall run.").

[5] *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010) (punctuation omitted).

5

principle. Nor did the trial court have jurisdiction under OCGA § 17-10-1 (f), which

provides that

> [w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.

Furthermore, it is well established that "[a] motion in arrest of judgment must be

made during the term at which the judgment was obtained."[6] And here, the State filed

---

[6] OCGA § 17-9-61 (b); *see Witherspoon v. State*, 304 Ga. 306, 307 (818 SE2d 512) (2018) ("We do not reach the merits of [appellant's] arguments on appeal, because the untimeliness of his motions precluded any relief. OCGA § 17-9-61 (b) requires that a motion in arrest of judgment 'be made during the term in which the judgment was obtained.' . . . . [A]ppellant filed his motions . . . almost 27 years after the expiration of the term in which he was convicted. Because [appellant's] motions were untimely, the trial court lacked authority to grant any relief, and it properly disposed of his motions on this basis." (punctuation and citation omitted)); *Mullins v. State*, 291 Ga. 634, 635 (732 SE2d 83) (2012) ("Appellant's motion in arrest of judgment was untimely by almost 25 years."); *Myers v. State*, 311 Ga. App. 668, 670 (2) (716 SE2d 772) (2011) ("[T]he trial court denied [the] motion because it was filed over five years after judgment was entered, which [appellant] does not dispute was untimely because a motion in arrest of judgment 'must be made during the term at which the judgment was obtained.' And because [the] motion was untimely, it is not subject to appellate review." (footnote omitted)); *see also* OCGA § 17-9-60 ("All motions to arrest a judgment must be made to the court by which the judgment was rendered, and the opposite party must have reasonable notice of such motions.");

its motion to "clarify" Murrell's sentence almost two years after the term of court expired and well past 120 days of the court's receipt of the remittitur.[7] As a result, the trial court lacked jurisdiction to consider the motion and should have dismissed it.[8]

OCGA § 17-9-61 (a) ("When a judgment has been rendered, either party may move in arrest thereof for any defect not amendable which appears on the face of the record or pleadings.").

[7] *See* OCGA § 15-6-3 (33) (providing that the Floyd Superior Court's terms of court commence as follows: "Second Monday in January, March, July, and September and first Monday in May and November"). *Cf. Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001) (noting, in context of a civil appeal, that "although a trial judge has 'inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion,' this authority does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court[,]" and recognizing that "[a] motion to clarify is not a motion authorized by [the Civil Practice] Act" and the trial court had no authority to grant the motion to clarify when it sought to change appellant's substantive rights (citation omitted)).

[8] *See Whipkey v. State*, 352 Ga. App. 746, 748 (1) (835 SE2d 740) (2019) ("As a general rule, a trial court lacks jurisdiction to modify any judgment—including a defendant's sentence—outside the term of court in which that judgment was entered."); *Patterson v. State*, 347 Ga. App. 105, 106-07 (1) (817 SE2d 557) (2018) ("The General Assembly has established a specific time frame during which a trial court has jurisdiction to freely modify a criminal sentence. Pursuant to OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. Once this statutory period expires, a trial court may only modify a void sentence." (punctuation omitted)); *Richardson v. State*, 334 Ga. App. 344, 346 (779 SE2d 406) (2015) ("[Appellant] filed his motion to correct his sentence within one

7

Additionally, because the trial court lacked jurisdiction,[9] its actions unlawfully increased Murrell's sentence.[10] So, while it is true that Murrell's original sentence (as imposed in 2004) required Count 12 to run consecutively with Count 13, when the trial court vacated Count 13, it did not then clarify that Count 12 would thereafter run

year of being resentenced, and, therefore, his motion was filed within the statutory period prescribed by OCGA § 17-10-1(f)."); *Barthell v. State*, 286 Ga. App. 160, 161 (648 SE2d 412) (2007) ("[I]n order for a trial court to have the power to exercise the subject matter jurisdiction to correct a judgment outside a term of court, the judgment must be, in fact, void. If the judgment is not void, a trial court has no further subject matter jurisdiction outside the term of court and the petition must be dismissed." (punctuation omitted)).

[9] *Cf. Schamber v. State*, 152 Ga. App. 196, 198 (3) (262 SE2d 533) (1979) ("It is clear that a court cannot change a sentence by increasing it. However, we find no increase in punishment here. By its subsequent act *in the same term*, the trial court merely *clarified* the relation of its sentence to one previously imposed by a different court for an unrelated offense, something the court should have done but inadvertently omitted to do when sentencing defendant. In finding no error we apply the general rule that 'judgments of a court are within its breast until the end of the term, and the sentence may be amended at any time during the term and before execution has begun.'" (citation omitted) (emphasis supplied)).

[10] *See Harris v. State*, 261 Ga. 859, 860-61 (2) (413 SE2d 439) (1992) (holding that "the sentencing court may not increase a sentence once the defendant begins serving it without violating the prohibition against double jeopardy in both the Georgia and Federal Constitutions"). *See generally United States v. Jones*, 722 F2d 632, 637-38 (III) (11th Cir. 1983) (construing *United States v. DiFrancesco*, 449 U.S. 117, 136 (IV) (d) (101 SCt 426) (1980) as standing for the proposition that "the Double Jeopardy Clause respects the defendant's 'legitimate expectations' as to the length of his sentence").

consecutively with Counts 1, 2, 7, 8, 9, and 10. Thus, under OCGA§ 17-10-10 (a), when "at one term of court a person is convicted . . . on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently unless otherwise expressly provided therein." And as previously noted, this particular Code Section governs and must be followed by "the Department of Corrections in the computation of time that sentences shall run."[11] Accordingly, by later "clarifying" that Count 12 was—after the vacation of Count 13—to run consecutively with the earlier counts instead of concurrently, the trial court unlawfully increased Murrell's sentence.[12]

---

[11] OCGA § 17-10-10 (d).

[12] *See Schamber v. Newsome*, 696 FSupp 1506, 1509 (ND Ga. 1988) ("There is no dispute that the sentencing court could have imposed a consecutive sentence when [appellant] was sentenced initially. However, because, under Georgia law, [appellant] was sentenced initially to a concurrent sentence, the court could not, consistent with the federal constitution, increase his sentence under the circumstances presented. . . . . [Appellant] had begun serving his sentence when it was enhanced by the sentencing court because of an error attributable solely to the court. [Appellant's] expectations as to his initial sentence were legitimate, and his resentencing therefore violated his double jeopardy rights."); *see also supra* note 10.

Even so, the State appears to hinge the trial court's jurisdiction to consider its motion to clarify Murrell's sentence on OCGA § 17-7-1 (5),[13] OCGA § 17-17-13,[14] and a statement from an attorney with the Department of Corrections that it needed something in writing that would clarify the trial court's intent. But neither an indirect request from the Department of Corrections seeking clarification of a sentence by the trial court nor the ability of victims to submit written objections to the grant of parole bestows the trial court with jurisdiction to consider the State's motion to "clarify" the terms of Murrell's sentence.[15] Thus, the trial court should have dismissed the State's motion.

---

[13] *See* OCGA 17-17-1 (5) ("The General Assembly hereby finds and declares it to be the policy of this state that victims of crimes should be accorded certain basic rights just as the accused are accorded certain basic rights. These rights include: . . . [t]he right to file a written objection in any parole proceedings involving the accused[.]").

[14] *See* OCGA § 17-17-13 ("The State Board of Pardons and Paroles shall give 20 days' advance notification to a victim whenever it considers making a final decision to grant parole, release a defendant for a period exceeding 60 days, or grant a pardon; and the board shall provide the victim with an opportunity to file a written objection to such action.").

[15] *Cf. Veasley v. State*, 272 Ga. 837, 839 (537 SE2d 42) (2000) ("[P]arties cannot confer jurisdiction by consent." (punctuation omitted)).

10

For all these reasons, we vacate the trial court's order and remand for it to dismiss the State's motion to clarify Murrell's sentence.[16]

*Judgment vacated and case remanded with direction. Mercier and Colvin, JJ., concur.*

---

[16] *See supra* note 8.