313 Ga. 324
FINAL COPY

S22A0098. WARE v. THE STATE.

PETERSON, Justice.

Jermaine Ware was convicted of malice murder and other crimes, with a final disposition being entered by the Superior Court of Polk County in December 2012. Ware appealed, and this Court affirmed Ware's convictions on direct appeal. See *Ware v. State*, 302 Ga. 792 (809 SE2d 762) (2018). In June 2021, Ware filed a pro se motion in arrest of judgment, alleging, among other things, that the indictment was defective. The superior court denied Ware's motion, stating that Ware was barred from raising issues that could have been raised on direct appeal. Ware appeals, but we need not consider the merits of Ware's arguments because the superior court should have dismissed the motion as untimely. Therefore, we vacate the trial court's order and remand the case with direction.

The law is clear that a defendant must file a motion in arrest

of judgment during the term in which the judgment was entered. See OCGA § 17-9-61 (b) ("A motion in arrest of judgment must be made during the term at which the judgment was obtained."); *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011) (same). When a defendant files a motion in arrest of judgment after such term has expired, the motion is untimely, and the trial court lacks the authority to grant any relief. See *Witherspoon v. State*, 304 Ga. 306, 307 (818 SE2d 512) (2018). A trial court presented with such a motion should dismiss it, rather than deny it, and we will vacate a trial court's order that considers the merits of an untimely motion in arrest of judgment. See id. And so it is here.

Ware's convictions were entered in December 2012, during the July term of the Polk County Superior Court that expired in March 2013. See OCGA § 15-6-3 (38) (B). Ware filed his motion in arrest of judgment in June 2021, well after the expiration of the term in which he was convicted. The superior court lacked jurisdiction to rule on the merits of Ware's untimely motion. Accordingly, we vacate the court's order and remand with direction to dismiss Ware's

2

motion as untimely.

*Judgment vacated and case remanded with direction. All the Justices concur.*

Decided February 15, 2022.

Motion in arrest of judgment. Polk Superior Court. Before Judge Murphy.

Jermaine Ware, *pro se*.

*Jack Browning, District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General*, for appellee.